# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JOHN RANDALL JOHNSTON,** )  )  | |
| Petitioner, ) | |
| vs. ) | **CIVIL ACTION NO. 05-0214-CG** |
| ) | **CRIMINAL NO. 03-00014-CG** |
| **UNITED STATES,** ) | |
| ) | |
| Respondent. ) | |

## ORDER

This matter is before the court on the motion of petitioner, John Randall Johnston, under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Doc. 99), and the response thereto of the United States (Doc. 108). The court finds that petitioner's claims are time barred. Therefore, petitioner's motion to vacate, set aside or correct sentence is due to be DENIED.

## BACKGROUND

On March 26, 2003, petitioner pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 846. On June 25, 2003, this court sentenced petitioner to 51 months imprisonment, with a five year supervised release term to follow. No direct appeal was taken. Petitioner filed the present motion on April 8, 2005, seeking to have his sentence vacated, set aside or corrected under 28 U.S.C. § 2255.

## DISCUSSION

Petitioner claims: (1) that his sentence was imposed in violation of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004); (2) that his attorney rendered ineffective assistance of counsel at

1

sentencing by failing to object to enhancements based on "non-admitted conduct;" and (3) that his attorney rendered ineffective assistance of counsel by failing to appeal his sentence. The United States asserts that petitioner's claims are time barred because they were filed outside the one-year statute of limitations. The court agrees. Paragraph 6 of § 2255 provides the following:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255. Since petitioner did not file a direct appeal, his sentence became final on June 25, 2003, the date he was sentenced. Johnston did not file his motion to vacate until April 8, 2005, almost two years after he was sentenced. Petitioner has not shown that there was any impediment in filing the motion or that the supporting facts were undiscoverable through due diligence until a later time. Petitioner's first claim is based on a Blakely violation, a decision which was entered on June 24, 2004, less than a year before petitioner filed the present motion.[1] However, Blakely was issued after

---

[1] Blakely presumably provides a newly recognized right under which petitioner's claim is asserted.
  Every court of appeals to have considered the issue has concluded that, whether denominated as the "Blakely rule" or the "Booker rule," that rule was "new." For example, the Court of Appeals for the Tenth Circuit reasoned that while Blakely

petitioner's conviction and sentence became final and, therefore, must apply retroactively to cases on collateral review in order to restart the statute of limitations. See 28 U.S.C. § 2255 ¶ 6(3); U.S. v. Harms, 2005 WL 1463526, *2 (10th Cir. June 22, 2005); Lloyd v. U.S., 407 F.3d 608 (3rd Cir. 2005).  Blakely has not been made retroactively applicable to cases on collateral review. Varela v. United States, 400 F.3d 864, 868 (11th Cir.2005).  Therefore, petitioner's Blakely claim, like petitioner's other claims, is clearly time barred.  Having found that the petition is time barred, the court declines to address the United States' additional contentions that petitioner's claims are procedurally barred and lack merit.

## **CONCLUSION**

For the reasons stated above, the motion of petitioner, John Randall Johnston, under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Doc. 99), is hereby **DENIED**.

**DONE and ORDERED** this 8th day of July, 2005.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

interpreted Apprendi, it was not compelled by Apprendi. See United States v. Price, 400 F.3d 844, 848-49 (10th Cir.2005). That is, post-Apprendi but pre-Blakely, a court would not have believed itself compelled to conclude that what became the "Blakely rule" was constitutionally required. Blakely changed courts' understanding of Apprendi's statutory maximum and announced a new rule.

Lloyd v. U.S., 407 F.3d 608, 613 (3rd Cir. 2005).
.